JOHN DE KOVEN *et al.*

*v.*

THE CITY OF LAKE VIEW.

*Filed at Ottawa June 15, 1889.*

1. SPECIAL ASSESSMENTS—*extent of assessment, as excluding streets.*
In assessing the special benefits upon a tract of land intersected by
streets, for the construction of a sewer, it will be presumed that the
commissioners deducted the streets, and estimated the benefits to the
land, exclusive of the streets, at the amount assessed upon it, unless
the contrary appears.   Describing the tract does not show that the
assessment was upon the number of acres in the subdivision or de-
scription.

2. SAME—*assessment upon lots, etc., separately, or in gross—the statute
construed.*   Section 142 of chapter 24, of the statute relating to special
assessments, provides that the commissioners shall make an assessment
roll, in which shall appear the names of the owners of each lot, block,
tract or parcel of land, and the amount assessed as special benefits
thereto.   While this section does not authorize the assessment of a
certain amount on two lots owned by different persons, yet there is
nothing in the statute requiring separate assessments on a lot, block or
tract owned by the same party, which may be divided by a street.   The
location of a street over a lot does not make the lot consist of separate
tracts of land.

APPEAL from the County Court of Cook county; the Hon.
RICHARD PRENDERGAST, Judge, presiding.

Mr. DAVID FALES, for the appellants:

The assessment of the land of appellants without excepting
the streets intersecting and cutting off the same, was illegal
and invalid.   The law is well settled, that where an entire
tract of land is assessed as a single tract, to one who owns
only a portion of it, such assessment is illegal, and the tax
based thereon is void.   *Lyman* v. *People,* 2 Bradw. 289; *Roby*
v. *City of Chicago,* 48 Ill. 130; *Howe* v. *People,* 86 id. 288.

When lands are separated, either by the use or purpose to
which they are devoted, or by the mode of their occupation,

or are disconnected in location, a tax laid generally upon an entire valuation can not be made a lien upon each parcel, although owned by one person. Welty on Law of Assessments, sec. 111, and note; *Shimmin* v. *Inman*, 26 Me. 228; *Hayden* v. *Fraher*, 13 Pick. 492.

The land of the appellants was supplied with a sewer of sufficient capacity, and in every way adapted to its wants and needs, and the appellee had no power to construct the contemplated sewer in Lawrence avenue, and no benefit would accrue to the appellants thereby.

Mr. HERVEY H. ANDERSON, for the appellee:

The first point was not raised on the trial below; but it will be presumed that one-half of the avenues was not included in the assessment upon appellant's property.

The second point of appellants, for the same reason, can not be considered well taken, for the mere fact that the property is divided by a street does not make it two separate pieces or parcels of land, in the sense of those cases cited by appellants. In those cases which incline most favorably towards appellants' position, the separate pieces or parcels of property were different lots or blocks, or entire descriptions.

On the third and last point made by appellants, as to the capacity of the old sewer to supply the wants of their property, it seems to me, under repeated decisions of this court, that the finding will not be disturbed, and that it must be held, here, the proposed sewer will benefit appellants' land to the extent of the assessment.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an application of the city of Lake View, in the county court of Cook county, for confirmation of a special assessment ordered to pay for the construction of a sewer to be laid in Sheffield avenue and Lawrence avenue in said city of Lake View. John De Koven and E. W. Blatchford, trustees

of the estate of I. H. Burch, deceased, appeared in the county court and filed various objections to the confirmation of the assessment. The court overruled all of the objections so filed, and entered an order confirming the assessment, to reverse which the trustees have appealed.

Only three of the objections urged in the county court are relied upon here: First, the assessment of the land of appellants without excepting the streets intersecting and cutting off the same, was illegal and invalid; second, the land should have been assessed in parcels, and not as an entire tract; and third, the land was supplied with a sewer of sufficient capacity, and hence appellants' land was not benefited.

The land owned by appellants is described as the south twenty acres of the south-east quarter of section 8, township 40, north, range 14, east of the third principal meridian, being lot 4 in Fussey & Finnemore's subdivision of the south-east quarter of section 8. There are certain streets laid out upon a part of this twenty-acre tract of land, and the contention is that it was the duty of the commissioners, in making the assessment, to deduct the streets from the twenty acres, and as this course was not pursued, the assessment is illegal. We do not regard the point well taken. In making the assessment on this tract of land, it is designated as the south twenty acres in the subdivision of a certain quarter-section; but it does not appear, from the record, that the commissioners, in making the assessment, estimated the land at twenty acres, and made the assessment at a certain sum per acre. For aught that appears, the commissioners, in fixing the amount this land was benefited, may have deducted all the streets in the land, and, after they were taken out, estimated the benefits to the land at the amount assessed upon it. It is unreasonable to suppose that the commissioners estimated the tract at any definite number of acres. In making the assessment they no doubt examined the tract of land, and after taking into consideration the streets, they then assessed the benefits,

without stopping to determine whether the lot actually contained fifteen, eighteen or twenty acres.

It appears that the tract of land in question is divided by Sheffield avenue into two parcels, and hence it is contended that the assessment should have been upon the two parcels, and not upon the entire tract as one lot of land. Section 142 of chapter 24 of the statute relating to special assessments, provides that the commissioners shall make an assessment roll, in which shall appear the names of the owners, so far as known, a description of each lot, block, tract or parcel of land, and the amount assessed as special benefits thereto. Under this statute, while the commissioners would not be authorized to assess a certain amount on two lots owned by different persons, yet there is nothing in the statute requiring separate assessments on a lot or block or tract, owned by the same party, which may be divided by a street. The fact that a street was located over or across the lot did not make two separate tracts of land. It remained, as before, lot 4, in Fussey & Finnemore's subdivision of section 8, and as such the commissioners were authorized to assess it.

The last point relied upon is, that the land in question was supplied with a sewer, and hence not benefited by the improvement. It seems that a sewer had been constructed in Lawrence avenue several years ago, by the Graceland Cemetery Company, and appellants claimed that this sewer supplied the land in question with proper drainage. As to the condition and capacity of this old sewer the evidence is conflicting, and we do not think the finding of the county court on this branch of the case is so clearly against the weight of evidence as to authorize a reversal of the judgment upon that ground.

The judgment of the county court will be affirmed.

*Judgment affirmed.*