JOHN WAGGEMAN

v.

VILLAGE OF NORTH PEORIA.

*Highways—Obstruction of—Ordinance—Dedication.*

1.   The opening of a road by the owner of land for his own convenience and permitting the public to use it, is not conclusive evidence of a dedication.

2.   To justify the claim that land has been dedicated by the owner to a public use, proof of the owner's intention to that effect must be unequivocal and satisfactory.  The vital principle of dedication is the intention to dedicate—the *animus dedicandi.*

3.   Although a land owner may never have intended to dedicate, yet in

certain cases his acts and declarations may be such as to equitably estop
him from denying such intention.

4.  This court finds insufficient evidence of intention to dedicate, in the
case presented.

[Opinion filed December 7, 1891.]

Appeal from the Circuit Court of Peoria County; the
Hon. Lawrence W. James, Judge, presiding.

Messrs. Kellogg & Cameron, for appellant.

On the question of dedication and the character of the
proof required to prove dedication, we respectfully submit on
the question of the intention to dedicate, the following au-
thorities: Angell on Highways, Sec. 142; Harding v. The
Town of Hale, 61 Ill. 192; Marcy v. Taylor, 19 Ill. 634; Rees v.
The City of Chicago, 38 Ill. 322; Tully v. The Town of
Northfield, 6 Ill. App. 361.

This language used in this last opinion, " the vital principle
of dedication is the intention to dedicate, the *animus dedi-
candi*," clearly states the law on that point.

And as to the kind of evidence required to establish dedi-
cation or deprive a person of real property, we respectfully
submit the following cases: Town of Princeton v. Temple-
ton, 71 Ill. 68; McIntyre v. Storey, 80 Ill. 127; Marcy v. Tay-
lor, 19 Ill. 634; Kelly v. City of Chicago, 48 Ill. 388; Gentle-
man v. Soule, 32 Ill. 271; Godfrey v. City of Alton, 12 Ill.
30; Fox v. Virgin et al., 5 Ill. App. 515.

This last case contains this language :  " The evidence does
not support the claim of dedication. In order to justify a
claim that land has been dedicated by the owner for the use
of the public, the proof should be very satisfactory, either of
an actual intention to dedicate, or of such acts and declarations
as should equitably estop the owner from denying such
intention.  In this case the evidence is direct and positive
that appellant never intended to dedicate the land, and his
act of leaving open the twenty feet on the west and north
sides of his forty-acre tract is satisfactorily explained." *  *
*  " He left the ground open on the two sides so that he

would not be obliged to remove his fences if the damages were settled. This evidence conclusively negatives the claim that he dedicated the open ground to the public." * * * "If he so left the lanes with the intention of permitting the public to use them as highways permanently, it did amount to a dedication; but if he so left the lanes to be temporarily used by those who wished to pass through until it could be definitely determined whether the land would be taken for a public highway, it did not amount to a dedication. The real question for the jury was whether appellant intended to dedicate the land left open to the use of the public as a highway, and in determining that question all his acts and declarations should be considered." This case, we think, is so very similar to the present case, that it is conclusive, especially when we remember the uncontradicted explanation of appellant and of his son, who best knew the purpose for which those strips were left out, "for their own convenience, and in view of the fact that the streets would be opened and paid for."

In Tully v. The Town of Northfield, 6 Ill. App. 361, the court says (referring to the intention): "Unless this is unequivocally manifested by the owner, dedication has not been made." And the advice given in the same case is worth repeating. "If the public good requires a road along the line where the obstruction complained of is located, we think the interest of all parties concerned will be better subserved by applying to the proper authorities to lay out and establish the same, rather than by indulging in expensive litigation and neighborhood controversies."

Mr. ARTHUR KEITHLEY, for appellee.

Appellee claims these streets by reason of a dedication of them by appellant to the public. And before proceeding to discuss the evidence offered in proof of this claim, I shall cite the court to a few legal propositions with which, no doubt, the court is already familiar. They are:

First. A dedication for a highway or street may be proven in various ways, as by the acts and declarations of the owner of the premises.

Second.   No particular time is necessary for evidence of dedication; it may take place immediately.

Third.   It is not essential to the acceptance of a highway that the public should repair the road, for it might never require repairs.   Marcy v. Taylor, 19 Ill. 635.

And as against the proprietor a dedication of land for streets and highways may be complete without any act or acceptance on the part of the public.   Dillon on Municipal Corp., 4th Ed., Sec. 642.

Fourth.   If there was a dedication by appellant of these streets before the organization of appellee, appellee would, upon its organization, at once become vested with the fee or the use thereof in trust for the public.   In other words, the existence of appellee at the time of the dedication is neither indispensable nor essential.   Maywood Co. v. Village of Maywood, 118 Ill. 61.

Complaint is made that appellee's second instruction is bad because the jury are therein told that "any act done by the owner of land from which the jury may believe that he intended the street for public use and accepted," etc.

The court will see that this instruction pretends to state an abstract proposition of law not relating to the facts in this or any other case; besides, why should the jury require two or more acts to cause them to find a dedication when they fully believed from the one that there was a dedication?   One act in a given case may be of such a character as to produce a stronger conviction upon the mind than a half dozen other acts in the same or another case.   And further than this, in appellee's next succeeding instruction the jury are plainly told that in determining whether or not there was a dedication, it was the duty of the jury to consider all of the evidence offered by the defendant tending to show that he never intended a dedication.

The next supposed error is found in appellee's sixth instruction.

"If there had been a dedication," which in and of itself implies everything that is necessary to constitute a full and complete dedication, including acceptance, if that is necessary,

then, if there had been a dedication at any time, as was said in the preceding pages of this brief, the village of North Peoria upon its organization became the custodian of the streets. Maywood Co. v. Village of Maywood, 118 Ill. 61.

And the jury are so informed in this instruction and not erroneously, but correctly.

HARKER, J. This was a prosecution against appellant for obstructing a public street in violation of an ordinance of appellee, and resulted in a fine against appellant.

The burden was on the village to show by a clear preponderance of the evidence not only the placing of the obstruction, but that there was a public highway at the point where the obstruction was placed. The placing of the obstruction is admitted, and as the appellant holds the fee to the land over which the alleged public street crosses, the only question in the controversy is whether a dedication has been made by him.

Appellee was organized as a village in 1883, and abuts upon the northern portion of the city of Peoria. Linn street extends in the city of Peoria to its north line limits. Appellant, many years before the village was organized, became the owner of lots 20, 21, 26, 27, 28 and 29 in what is known as Armstrong's subdivision. Those lots are immediately north of the city limits and an extension of Linn street beyond the boundary line traverses the east part of lots 20 and 27, leaving a small portion of those lots and lots 28 and 29 on the east side, and the greater part of lots 20 and 27 and lots 21 and 26 on the west side. In 1871 appellant sold and conveyed lots 28 and 29 and parts of lots 20 and 27 extending back "to the line of Linn street projected," and the purchasers erected a fence along the west side of the tract bought; that fence is the east line of the street 294 feet, running north from the city limits. A few years afterward appellant, for his own convenience, and in view of the fact that a street there would some day be needed and probably his land condemned by proceedings extending Linn street, as he claims, built a fence from the point where the west line of Linn street intersects the city

limits line, north across lots 20 and 27. In this way an opening was made across appellant's land of the same width as Linn street, and formed an unobstructed passage-way or continuation of Linn street north to its intersection with an east and west lane, which has since been widened and named Richmond avenue.

For erecting and maintaining a fence across the opening on the north line of lot 20 appellant was prosecuted and fined for the offense of obstructing one of appellee's public streets.

The facts in proof relied upon by appellee as supporting its claim of dedication, are the fencing out of the strip of land corresponding in width with Linn street in manner as described above, the acquiescence of appellant in its use by the public for travel eight or ten years, the planting of shade trees on the west side in line with other shade trees on Linn street, the building of gravel sidewalks between the trees and his fence, and reference made by him in considerations and writings to this strip as " Linn street " and " Linn street projected."

Those facts, taken by themselves, afford strong evidence of a dedication, and without countervailing proof could be accepted as satisfactory; but they can not prevail over the explanation of appellant that he fenced out the strip for his own convenience, and in view of the fact that it would at some future time be needed as a public highway, his positive testimony that he never intended to dedicate, and the corroborating circumstances that he has at different times since fencing it out, maintained cross fences over it and cultivated it, that such work as was needed to make it passable when open has always been done by himself, and that he has always forbidden the village authorities from working it or assuming control over it as a public street.

The opening of a road by the owner of the land for his own convenience and permitting the public to use it, is not conclusive evidence of a dedication. Proctor v. Lewistown, 25 Ill. 139; Illinois Ins. Co. v. Littlefield, 67 Ill. 368.

To justify the claim that land has been dedicated by the owner to a public use, proof of the owner's intention to that

effect must be unequivocal and satisfactory. The vital principle of dedication is the intention to dedicate—the *animus dedicándi*. Washburn on Easements (star page), 133; Angell on Highways, Sec. 142; Marcy v. Taylor, 19 Ill. 634; Rees v. City of Chicago, 38 Ill. 322; Harding v. Town of Hale, 61 Ill. 192; City of Bloomington v. Cemetery Association, 126 Ill. 221.

The evidence taken in this case was quite voluminous. We have not the space to discuss it in detail, but can say that, all taken together, it clearly demonstrates that the appellant, in leaving open the strip of ground in question, in making the improvements he did on adjacent property, and by references made by him to it in conversations, and deeds to third parties, did so in view of Linn street being at some future time extended over the strip, but that he did not at any time donate its use to the public as a highway.

We recognize the principle that although a land owner may never have intended to dedicate, yet his acts and declarations may have been such as to equitably estop him from denying such intention. The proofs in this case, however, do not warrant an application of that principle against appellant.

The strip of land over which appellant built his fence was not a public street and the imposition of a fine against him was unauthorized.

The judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*