THE PEOPLE *ex rel.* Fisher *et al.*
*v.*
ORRIN N. CARTER, County Judge.

*Opinion filed June 23, 1904.*

1. SPECIAL ASSESSMENTS—*court may grant separate hearings on different classes of legal objections.* The county court may, in a proper case, grant separate hearings on different classes of legal objections to a special assessment; but separate hearings are not a matter of right, and will not be allowed where the same inquiry is involved as to the different pieces of property assessed.

2. SAME—*effect where separate hearings are granted on legal objections.* One who acquiesces in separate hearings of the different classes of legal objections to a special assessment is entitled to a bill of exceptions showing only such evidence as was offered by him and the other objectors who participated in the hearing of the same class of legal objections.

3. SAME—*failure to enter order for a separate hearing will not reverse.* Failure of the court to enter an order of record for separate hearings on the different classes of legal objections to a special assessment is not ground for reversal.

ORIGINAL petition for *mandamus.*

N. W. HACKER, and WM. J. DONLIN, for petitioners.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel,) for respondent.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The relators, upon leave granted, filed their petition in this court for a writ of *mandamus* directed to the respondent, commanding him, as judge of the county court

of Cook county, to settle, sign and seal a bill of exceptions in a proceeding in that court for a special assessment to pay for the construction of a system of main sewers, with a pumping station, in the city of Chicago, in which the lands and property of relators were assessed. Attached to the petition is a copy of a bill of exceptions tendered to the respondent by the relators which he refused to sign and seal, which recites that upon the hearing of objections to the assessment certain evidence was offered on behalf of the relators for the purpose of proving that the engineer's estimate of the cost of the improvement was not made a part of the record of the first resolution adopted by the board of local improvements. The answer of the respondent states that he has always been ready and willing to settle, seal and sign such a bill of exceptions as will truly represent and contain all the matters and things which occurred upon the hearing of relators' objections to the assessment and which may be properly preserved by a bill of exceptions, but denies that the bill of exceptions tendered to him truly represents the proceeding, or that the objection and evidence relating to the estimate, or the record thereof, were made or introduced by the relators at any time on the hearing of their objections.

The cause has been submitted for decision upon the pleadings, and the facts appearing therefrom are as follows: The city of Chicago instituted a proceeding in the county court of Cook county, of which the respondent is judge, for the levy of a special assessment to pay for the construction of a sewage system with pumping station, including buildings and machinery and a system of main sewers in the streets of said city, at an estimated cost of $887,000. The improvement covers an area of eleven square miles, and over thirty thousand pieces of property were assessed, and sixty-six attorneys or firms filed separate objections for different owners of property. On September 22, 1903, all of these objections except the one

as to benefits, to be tried by a jury, came on for hearing before the respondent. The objections were diverse and varied greatly, both in their nature and as to the property for which they were made, some relating to railroad property, others to school property and others to pieces of private property differently situated. On that day and the following one there was a preliminary call of all attorneys who had filed objections, and in order to facilitate a hearing the respondent classified the objections and set down the different classes for hearing on different days. The attorneys for relators, when called, stated that their objections were that the ordinance was not valid; that the assessment was disproportionate and that the city was not assessed in the roll. These objections were then set for hearing, with others of the same nature, on September 25, 1903. Relators appeared by their attorneys and were heard at that time, when they asked to be heard upon one objection, which was, that the ordinance was invalid because the improvement was double. They introduced evidence and presented arguments to sustain that objection and the respondent took the objection under advisement. The relators made no objection to the separate hearings, and did not at any time present to the court any objection that the estimate of the engineer was not made a part of the record of the first resolution nor offer any evidence on that subject. On subsequent days the respondent heard the objections of other objectors which had been set for separate hearings, and on September 30, 1903, on the hearing of another class or group of objections, the objection was made that the estimate was not made a part of the record, and evidence was offered tending to prove the fact. During the hearing of the other objections there was present in the court room an employee of relators' attorneys, who was watching the proceedings and reporting to said attorneys, from day to day, what had been done, but he did not participate in any manner in the hearing

nor introduce any evidence nor present any objection. The respondent afterward, on November 3, 1903, overruled the objections of the relators and they excepted to the ruling. The question of benefits was subsequently heard before another judge, and judgment of confirmation having been entered, an appeal was taken by the relators.

The sole purpose of this suit is to obtain the benefit of the evidence offered on September 30 by the other group of objectors to prove that the estimate of the engineer was not incorporated in the record of the first resolution of the board of local improvements. If the objection that the estimate was not so incorporated is within the scope of the objections filed by relators, it will be of no avail to them unless they can obtain the benefit of the evidence. The question is whether, upon these conceded facts, relators have a legal right to a bill of exceptions showing that such evidence was offered in their behalf.

Section 48 of the Local Improvement act of 1897 provides: "On the application of the petitioner, at any time after the return day, the court may set down all objections, except the objection that the property of the objector will not be benefited to the amount assessed against it, and that said property is assessed more than its proportionate share of the cost of such improvement, for a hearing at a time to be fixed by the court, and upon such hearing the court shall determine all questions relating to the sufficiency of the proceedings, the distribution of the cost of the improvement between the public and the property, and of the benefits between the different parcels of property assessed, together with all other questions arising in such proceeding, with the exception aforesaid, and shall thereupon enter an order in accordance with the conclusions it shall reach." (Hurd's Stat. 1899, p. 373.)

Counsel for relators urge that it was never contemplated there should be more than one hearing of the objections before the court; that the petitioner is to be regarded as the party upon one side and all of the objectors as the opposite party, and that each objector is entitled to the benefit and advantage of all the objections and evidence presented by every other objector. It is true that there is but one proceeding and the petitioner and objectors are on opposite sides, but the judgments are several, and the objections of one property owner may be sustained while those of others are overruled. An objector is not entitled to a separate trial as a matter of right, and such a trial should not be allowed where it would involve the same inquiry as to separate pieces of property. (*Fagan* v. *City of Chicago,* 84 Ill. 227.) It is, however, within the discretion of the court to grant separate hearings to the different objectors in proper cases. (*Browning* v. *City of Chicago,* 155 Ill. 314; *Wells* v. *City of Chicago,* 156 id. 14ε; *Dickey* v. *City of Chicago,* 164 id. 37.) It may be in the interest of property owners that there should be separate hearings of objections of a different nature or relating to different classes of property for the purpose of giving to separate owners speedy and inexpensive hearings upon the questions in which they are interested. The hearing of numerous different objections together might be very burdensome and expensive to property owners by requiring the attendance of attorneys for long periods of time and filling the record with evidence in support of objections in which they are not interested. In this case there was a practical severance of the objectors by the separate and different objections, and without separate hearings both confusion and injustice might result. There was no abuse of discretion in granting separate hearings, and there was not only no objection on the part of the relators, but their counsel participated in what was done. The separate hearings having been granted, the proceedings upon each were entirely dis-

tinct, and the relators have not shown a legal right to a bill of exceptions of the nature which they insist upon. Upon the hearing of their objections they did not offer the evidence which they ask to have included in the bill of exceptions.

It is urged that the separate hearings were not legal because the record proper, as kept by the clerk, does not show any order granting such separate hearings. Undoubtedly, in case of a motion for a separate hearing, the motion, and the ruling of the court and any exception thereto, can only be made a part of the record by a bill of exceptions. It would not be a proper part of the record kept by the clerk. The motion, in such case, must set forth the grounds on which it is based, and if based on facts outside of the record must be supported by an affidavit and must be incorporated in the bill of exceptions to become a part of the record. Whether an order entered of record would be proper or not in case the court, of its own motion, orders separate hearings, the failure to enter such an order would not be ground for reversal. (19 Ency. of Pl. & Pr. 530.) In this case the conceded fact is that separate hearings were allowed by the court and the objections were heard separately, so that the hearings were entirely separate and distinct, and the relators are only entitled to a bill of exceptions containing the evidence offered by them and the other objectors whose objections were heard with them. The respondent has not refused, but has been and is willing, to settle, sign and seal a bill of exceptions showing the objections of relators and all the proceedings upon the hearing of the same.

It follows that the writ of *mandamus* must be denied, and it is denied accordingly. *Writ denied.*