ROBERT R. CLARK

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 21, 1905.*

1. SPECIAL ASSESSMENTS—*when objections must be presumed to have been passed upon.* In the absence of a showing to the contrary it will be presumed, on appeal in a special assessment case, that all objections found in the record covered by the assignment of errors and argued in the briefs were passed upon by the trial court.

2. SAME—*correct practice where there are many objections filed.* In a special assessment case, where a large number of objections are filed, the court, upon application of the petitioner, should require the objector to point out specifically upon what objections he relies, and, the action of the court being properly preserved, the Supreme Court, on appeal or error, will deem all other objections waived and refuse to consider them.

3. SAME—*when engineer's estimate is sufficiently itemized.* The engineer's estimate of the cost of a proposed improvement is sufficiently itemized, so far as property owners are concerned, if it shows the estimated cost of the substantial, component elements of the improvement.

4. SAME—*when ordinance will not be held to be unreasonable.* Courts will not interfere to prevent the construction of a proposed improvement upon the ground that it is unnecessary, unless the ordinance is so unreasonable as to render it void.

5. SAME—*evidence on hearing as to benefits not considered in support of legal objections.* Evidence given on the hearing of the question of benefits cannot be considered in support of a legal objection that the ordinance is unreasonable, where no evidence in support of the legal objection was introduced at a hearing thereof.

6. SAME—*a city has power to define limits of drainage system.* As incident to its power to construct a system of sewers, a city has the right to prescribe the limits of the district which will be permitted to drain into such system.

7. SAME—*when failure to assess certain property is no objection to sewer assessment.* Lands not abutting upon a proposed sewer system, not within the district and not given the right to drain into the sewers cannot be assessed for the proposed improvement.

8. SAME—*whether property is assessed more than it is benefited is a question of fact.* Whether property is assessed more than it is

benefited by the improvement or more than its proportionate share of the cost thereof are questions of fact, and the finding of the trial court on the hearing will not be disturbed on review, unless so manifestly against the weight of the evidence as to indicate a mistaken or prejudiced view of the testimony.

APPEAL from the County Court of Cook county; the Hon. W. H. HINEBAUGH, Judge, presiding.

RITSHER, MONTGOMERY & HART, (ARMAND F. TEEFY, of counsel,) for appellant.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment to pay the cost of constructing a system of sewers in Belmont avenue from Lake View boulevard to Evanston avenue, and in Evanston avenue from North Clark street to Buckingham place, in the city of Chicago. The appellant appeared and filed objections to the confirmation of said assessment as to his property, which were overruled. A jury was then waived and the question of benefits was tried before the court, and the assessment was reduced as to a part of appellant's property and as modified was confirmed.

The appellant urges four reasons in this court as grounds of reversal: First, that the engineer's estimate of the cost of the improvement was not sufficiently itemized; second, that the ordinance is void because unreasonable; third, that property outside of the district which will be benefited by the improvement has not been assessed; and fourth, that the property of the appellant is assessed for a larger amount than it will be benefited by the improvement, and is required to bear by the assessment more than its proportionate share of the cost of the improvement.

It is insisted by counsel for the appellee that the legal objections filed in this case, seventy-two in number, were overruled by the court *pro forma,* and that they should not be considered by this court for that reason. In the absence of a showing to the contrary, we must presume all objections found in the record covered by the assignment of errors and argued in the briefs were passed upon by the trial court. Where a large number of objections are filed, in a case of this character, the trial court, upon the application of the city, should require the objector to point out specifically upon what objections he relies, and the action of the court in that regard being properly preserved, this court, upon appeal or writ of error, would deem all other objections waived and would refuse to consider the same.

The objection that the engineer's estimate of the cost of the improvement is not sufficiently itemized is without force. The itemized estimate submitted to the board of local improvements by the city engineer shows the estimated cost of the substantial component elements of the improvement. In *Hulbert* v. *City of Chicago,* 213 Ill. 452, an estimate of the cost of a local improvement which contained those elements was held to be sufficiently itemized.

The objection that the ordinance is void because unreasonable rests upon the contention that the district covered by the improvement is now amply provided with sewers. No proof was introduced upon the hearing of legal objections to sustain said objection, and the evidence heard by the court upon the question of benefits will not be considered in support of that objection. The question of the necessity of a local improvement is by law committed to the city council, and the courts have no right to interfere to prevent the construction of a local improvement unless the ordinance is so unreasonable as to render it void. *Walker* v. *City of Chicago,* 202 Ill. 531.

The objection that property outside the district has not been assessed which will be benefited by the improvement

cannot be sustained. The city has the power to construct a system of sewers, and as an incident of such power has the right to define the district which will be permitted to drain into such system. (*Gray* v. *Town of Cicero,* 177 Ill. 459.) The lands which it is claimed will be benefited by said system of sewers and are not assessed do not abut upon the proposed sewers, are not within the district and are not given the right to drain into said proposed sewers, and cannot be assessed to pay for the cost of the construction of said improvement. The failure to assess said lands was not, therefore, unlawful, and does not affect the assessment upon appellant's property. *Duane* v. *City of Chicago,* 198 Ill. 471.

It is next urged that the appellant's property has been assessed more than it will be benefited and more than its proportionate share of the cost of the improvement. The property of the objector described as lots 44, 45 and 46 of R. R. Clark's addition to Lake View is improved property located upon Belmont avenue, and the assessment upon that property was reduced by the court one-half. The other property owned by the appellant is vacant property lying on the west side of Evanston avenue and extending about six hundred feet westward, between Buckingham place and Aldine avenue. The assessment upon this property was confirmed as laid. The evidence shows that all the property assessed for this improvement is already provided with a sewerage system, and the witnesses for the objector testified that the sewerage of all his property was amply provided for by the present system of sewerage. These witnesses were contradicted by an equal number of witnesses on behalf of the city. The engineer of the board of local improvements testified, because of certain complaints made to him he had investigated the present sewerage system of said district, made careful study of it as regards its adequacy, and in the light of his experience was of the opinion that the present sewers within the district were too small, and that he had, after such investigation, designed the proposed system of

214—21

sewerage for said district, which is to be paid for by said assessment. It would serve no useful purpose to attempt to analyze or harmonize the testimony of the witnesses who testified upon the hearing as to the adequacy of the present system of sewers or to the benefits which would accrue to appellant's property from the new system or its proportionate share of benefits with reference to the entire cost of the improvement, as the testimony upon these points is in irreconcilable conflict. The new system was designed by the engineer, as it appears from his testimony, not only to afford a system of sewerage to property abutting upon the sewers proposed to be constructed, but to furnish an outlet to sewers in a portion of the district which the new system does not propose to interfere with otherwise than to connect them with the new sewers when completed. A number of witnesses who were called for the city testified that they owned property in the district and lived in the district; that the sewerage facilities were entirely inadequate, and that of their own personal knowledge they knew of instances where property was damaged by reason of the water backing up in the sewers by reason of an insufficient outlet, and all of the witnesses called on behalf of the city testified that in their opinion the property within the district assessed would be benefited to the amount of the proposed assessment by the construction of the improvement, and that appellant's property was assessed no more than its proportionate share.

This court has repeatedly held that the questions of whether or not property will be benefited or whether it has been assessed more than its proportionate cost of the improvement are questions of fact, and when the hearing has been had before the court, this court will not interfere with a judgment of confirmation unless it is so manifestly contrary to the weight of the evidence as to indicate a mistaken or prejudiced view of the testimony, and that the judgment of confirmation, by reason of that fact, is manifestly wrong. *Topliff* v. *City of Chicago,* 196 Ill. 215.

From a careful consideration of all the evidence in this case we have reached the conclusion that upon the trial of the question of benefits, the court, after reducing the assessment as to a portion of appellant's property, did not err in confirming the assessment. The judgment of the county court will therefore be affirmed.

*Judgment affirmed.*