JAMES B. CLOSE *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 24, 1905.*

1. SPECIAL ASSESSMENTS—*effect where objection to description of improvement is general.* A general objection that an ordinance "does not specify the nature, character, locality and description of the proposed local improvement" should, upon motion of the petitioner, be made specific and point out the alleged defects relied upon; but if no such motion is made, the fact that the objection is general does not prevent a review, on appeal, of the question raised thereby.

2. SAME—*when objection to sufficiency of description cannot be considered.* An objection to the sufficiency of the description con-

tained in an ordinance for an improvement cannot be considered on appeal, where the record shows affirmatively that it was not relied upon in the county court and that the county court made no decision thereon.

3. SAME—*when exception must be preserved to ruling.* Alleged error in refusing to admit evidence to sustain an objection as to a matter which is not part of the record proper cannot be reviewed on appeal, where no exception to the alleged erroneous ruling is saved by a bill of exceptions.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

F. C. ELLIOTT, (H. G. PARKINS, of counsel,) for appellants.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR B. TOLMAN, Corporation Counsel, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an appeal from a judgment of the county court of Cook county confirming a special assessment against property of appellants to defray the cost of constructing a pumping station and system of sewers in the city of Chicago. The points relied upon for a reversal of the judgment are, first, that the ordinance for the improvement does not describe the branches from the main trunk sewer in Ninety-fifth street, referred to in paragraph 7 of sub-section A of the ordinance, as required by the Local Improvement act; and second, that the ordinance, which involved an expenditure of more than $100,000, was not published in the proceedings of the city council, as usual, in full, one week before action was taken thereon by said council.

Various property owners represented by different counsel objected to the assessment, and at the hearing one of the attorneys was spokesman for all and presented the objections. By leave of court appellants adopted the objections

filed by said attorney, and among them was the following:
"The ordinance authorizing said improvement does not specify the nature, character, locality and description of the proposed local improvement." This is one of the usual objections filed in special assessment cases, and it is equally applicable to all cases. It is not specific, and does not point out in what respect an ordinance is insufficient in matter of description. Where such an objection is filed, it is the duty of the court, on motion of the petitioner, to require the objection to be made specific, so as to point out in what respect the ordinance is lacking, or to require the objector to point out specifically upon what objection he relies, and its nature. (*Clark* v. *City of Chicago,* 214 Ill. 318.) If that is not done the fact that the objection is general in its nature will not prevent a review, on appeal, of the question raised by it. (*Mead* v. *City of Chicago,* 186 Ill. 54.) In this case, however, the record affirmatively shows that the objection in question was not relied upon or presented to the court, so that there was no decision by the court whether the ordinance sufficiently described the improvement. The record states the points presented to the court by counsel representing the combination of property owners who took part in the hearing, with the further statement that they covered all the points the objectors cared to make on legal objections. In response to an inquiry of the court, the attorney for appellants assented to what had been said by the attorney representing the combination, and said that it covered about all he cared to say. The points so stated to the court do not include the question whether the ordinance was sufficient in matter of description, and the county court did not consider or decide that question. An appeal is allowed for the purpose of reviewing decisions of the county court, and the objection will, therefore, not be considered on this appeal.

The estimate of cost exceeded $100,000, and the statute required the ordinance to be referred to the proper committee and published in the proceedings of the city council in

the usual way, in full, at least one week before any action was taken by the council. (Hurd's Stat. 1899, p. 164; *Kerfoot* v. *City of Chicago,* 195 Ill. 229.) The appellee made out a *prima facie* case and evidence was necessary to sustain the objection. Evidence was offered in support of it, but when the objection was overruled by the court no exception was taken by appellants. Where an error appears in the record proper as made up by the clerk, no exception is necessary to present the error for review on appeal. So far as the proceedings of a court are matters of record, without a bill of exceptions a decision of the court need not be excepted to, but where the alleged error consists of a ruling of the court as to a matter which can only be made a part of the record by a bill of exceptions, a party cannot complain of the ruling unless there is an exception properly preserved in a bill of exceptions. (*Trigger* v. *Drainage District,* 193 Ill. 230.) No exception or bill of exceptions is necessary to preserve the question whether an ordinance is void on its face or insufficient to support a special assessment, but where the decision of a question depends upon evidence which can only be made part of the record by a bill of exceptions, the decision cannot be reviewed without a proper exception. In the case of *Fisher* v. *City of Chicago,* 213 Ill. 268, appellants had unsuccessfully attempted to obtain a bill of exceptions by *mandamus* against the judge of the county court, (*People ex rel.* v. *Carter,* 210 Ill. 122,) and having failed in their attempt, were without a bill of exceptions showing the evidence in support of their objections and an exception to the decision of the court. Neither of the objections presented in this court can be considered.

The judgment of the county court is affirmed.

*Judgment affirmed.*