SAMUEL WATTS

*v.*

THE VILLAGE OF RIVER FOREST.

*Opinion filed April 18, 1907.*

1. SPECIAL ASSESSMENTS—*county plat books are admissible as tending to show existence or non-existence of streets.* County plat books are admissible in evidence upon the question whether the street to be improved has been opened across an objector's property; but they are not conclusive, particularly where it appears that for several years deeds or dedications, unaccompanied by plats, had not been recognized in keeping up the plat books.

2. SAME—*when exclusion of evidence is not harmful error.* Refusal to admit in evidence in a special assessment proceeding a county plat book intended by an objector to show that the street had not been opened across his property is not harmful error, where the objector offered no evidence whatever, except such book, to show that the street had not been opened or was not in use or that the land therefor had not been acquired by the petitioner.

3. SAME—*when assessment of property as one tract is proper.* An entire unsubdivided tract of land bisected by the street to be improved is properly assessed as an entire tract, and not as separate parcels with the street as the dividing line.

4. SAME—*points not decided by county court cannot be raised on appeal.* Points not specifically insisted upon among the numerous legal objections to a special assessment and not decided by the county court cannot be urged on appeal.

APPEAL from the County Court of Cook county; the Hon. FRANK HARRY, Judge, presiding.

HUFF & COOK, for appellant.

CYRUS W. RICE, and FELIX J. GRIFFEN, for appellee.

Per CURIAM: This is a special assessment proceeding for curbing, grading and paving with macadam Forest avenue and other streets in the village of River Forest, at an estimated cost of $57,247.60, of which appellant was assessed $6780.99.

On the hearing on legal objections appellant contended that Forest avenue had not been opened through his property, and that the land necessary for the improvement had not been acquired by and was not in the possession of the village authorities. In support of this contention he offered in evidence a map from the county map department of Cook county. He placed on the stand a deputy county clerk, who testified that he had charge of the official plat books in the county clerk's office; that these maps were a compilation of all the maps, dedications and vacations recorded in the recorder's office, showing the condition of the streets at the time he was testifying; that as he understood it the preparation of these books was first begun in 1873 under the direction of the county board of Cook county, and that since that time all dedications and vacations of streets in the county had been copied from the recorder's office and compiled into these plat books for use in making assessments; that the only information used was obtained from the recorder's office or when court decisions were brought in for that purpose; that they did not look up condemnation proceedings as to the opening of streets; that they did not attempt to keep track of deeds given for the opening of streets or the dedication of a street unless accompanied by a plat; that they have taken from the country towns of Cook county approved plats or approved documents where brought in, and that they have compiled on the map the country town roads that are recognized. He further testified that it was possible that streets were opened for which plats had never been filed, and that for the last three years they had not recognized deeds or dedications as to streets or roads unless accompanied by plats. Objection was made that these maps kept by the county clerk's office as to platting the streets were prepared without any authority of law; that they were not legal plats and showed nothing that had any legal significance. It was admitted that there was no recorded plat extending Forest avenue

through the objector's property, but it was contended by the attorney for the village that they would bring evidence that the avenue in question was opened at that point if appellee presented evidence that it was not. The court sustained the objection to the introduction of these maps, and it is alleged that this was reversible error, citing the American and English Encyclopedia of Law, (vol. 24, 2d ed. p. 170,) which states, substantially, that as a general rule the books and memorials kept by public officers, even though not required by statute, if they are necessary and appropriate to the discharge of the duties of the office, are considered as public records; also 3 Wigmore on Evidence, sec. 1633.

Conceding, for the sake of the argument, that the court should have admitted this testimony, still its rejection can not, on this record, reverse the case. The witness stated in terms that the map records kept by the county clerk did not recognize deeds or dedications unless accompanied by plats. The section of the statute relied on by objector on this point is paragraph 559 of chapter 24, (Hurd's Stat. 1905, p. 417,) which reads: "No special assessment or special tax shall be levied for any local improvement until the land necessary therefor shall be acquired and in possession of the municipality, except in cases where proceedings to acquire such land shall have been begun, and proceeded to judgment." Not only was no attempt made by the objector to show that the road was not in use, but he made no offer of any other proof, except the maps kept by the county clerk, to show that the street was not opened at that point. It might well be that the property had been deeded by the owner, so far as anything is disclosed by this record, without a plat being filed, or that condemnation proceedings had been instituted for the property and proceeded to judgment without any record of the same being brought to the attention of the county clerk's office. We are inclined to hold that the evidence offered was properly admissible for what it was

227—3

worth, but for the reasons stated the ruling of the trial court as to that evidence is not reversible error. No point is made that the village authorities did not make out a *prima facie* case, as required by the Local Improvement act and the decisions of this court. *McChesney* v. *City of Chicago,* 205 Ill. 611.

The property of the objector was assessed as one tract or parcel of land, as follows: "The W. ½ (except streets) of the E. ½ of the S. W. ¼ of the S. W. ¼ of sec. 12," etc. It is contended that under section 40 of the Local Improvement act, (Hurd's Stat. 1905, par. 546, p. 414,) if this street is in fact opened at this point, then the property should be assessed in two separate tracts or parcels, the road being the dividing line. The objector filed some one hundred and ten legal objections. During the trial of the case counsel for the village insisted that the objector should point out the objections upon which he relied, and the court ruled that that was the proper practice. It seems to have been understood that counsel for the objector was to state specifically the legal objections upon which he relied. So far as we can find from the abstract or record the question of this property being assessed in gross, instead of two parts or parcels, was not raised or decided by the court below, hence under the decisions of this court it cannot be insisted upon here. (*Close* v. *City of Chicago,* 217 Ill. 216; *Clark* v. *City of Chicago,* 214 id. 318.) Even though this point had been raised and decided by the court below it could not be held error. This very question was passed on adversely to the appellant's contention in *DeKoven* v. *City of Lake View,* 129 Ill. 399.

Finding no reversible error the judgment of the county court will be affirmed.            *Judgment affirmed.*