Henry H. Michel, et al., Plaintiffs-Appellants, v. Carpenters' District Council of Madison County, Illinois, et al., Defendants-Appellees.

Term No. 56-O-8.

Fourth District.

January 14, 1957.

Rehearing denied March 1, 1957.

Released for publication March 1, 1957.

Gilbert Rosch, of Granite City, for plaintiffs-appellants.

George Moran, of Granite City, and Michael Kinney, of Wood River, for defendants-appellees.

PRESIDING JUSTICE SCHEINEMAN delivered the opinion of the court.

Henry H. Michel, Harold A. Hanlon, and Michael J. Lesko, plaintiffs, filed this suit against the Carpenters' District Council of Madison County, Illinois, and others, seeking to have set aside the sentence and punishment imposed upon them by said District Council, praying an accounting by the acting officers of the council, and for damages. The trial court sustained the defendants' motion to dismiss, refused a tendered amended complaint, and entered final judgment of dismissal, from which this appeal was perfected.

The complaint alleges that plaintiffs are members of the local union of carpenters, the international union, and of the District Council; that the council adopted a constitution at a meeting in 1952 which provided that the "next election" should be in 1956; that in the interim certain named defendants have acted as officers of the council "by usurpation"; that these purported officers charged the plaintiffs with violations of the constitution, and caused them to be tried by the District Council, where they were convicted and

fined $500 each and placed on probation for 5 years, which deprives them of their rights in the union. There are also allegations that the purported officers handled the funds of the council, received and disbursed the dues, assessments, etc., in specified amounts.

The complaint is obscure in a number of respects. The only provision of the constitution set forth is the one providing that the next election of officers shall be in 1956. There is also an allegation that there is no provision for interim officers. However, there is no claim that the District Council was not duly organized in 1952, in fact it is alleged that the constitution was adopted by vote, and approved by the international union. Whether the interim acting officers are those who were the officers at the organization meeting is not shown nor is there any claim that others are the appropriate officers.

There is nothing to show that charges may only be preferred by duly elected officers. There is nothing to show that the District Council is not the proper forum for a trial, nor any claim of lack of notice or other defects in procedure.

So far as accounting is concerned, there is no allegation of misappropriation of funds, nor any other basis purporting to justify a court in ordering an accounting.

The motion of the defendants attacked the complaint in a number of respects. Among others is the affirmative showing under Section 48(i) of the Civil Practice Act [Ill. Rev. Stats. 1955, ch. 110, § 48—(i)] that the suit is barred by reason of the rights of appeal within the union, which the plaintiffs did not utilize. A copy of the constitution is made a part of the motion and is not denied. It specifically designates the District Council as the forum of trial. It also provides for review on appeal to the General President, further appeal to the General Executive Board, and a final appeal to the General Convention. A further provision re-

quires that a member use his appellate rights in the union before resort to the civil courts.

■ ■ This latter provision is simply a statement of the law which would apply anyway. A member of a voluntary association necessarily agrees to the reasonable rules and regulations of the order. Bostedo v. Chicago Board of Trade, 227 Ill. 90, 81 N. E. 42. He must avail himself of the remedies provided by his association, before asking for equitable relief. Engel v. Walsh, 258 Ill. 98, 101 N. E. 222.

There are exceptional circumstances in which a court may intervene without the plaintiff having exhausted his organization's remedies. These are discussed in People v. Order of Foresters, 162 Ill. 78, in which there was some question as to the sufficiency of notice of trial, but on page 85 the court concluded the notice was sufficient, and held the party was obliged to proceed within the order. See also a discussion of these principles in Werner v. International Association of Machinists, 11 Ill.App.2d 258, 137 N.E.2d 100.

■ The plaintiffs in this case have failed by any apt averments to bring themselves within any of the exceptions. Therefore the trial court properly held the convictions and sentences were not subject to review by the court. The claims for damages depend upon a reversal of those convictions and sentences, hence they also fail.

The complaint contains no allegations showing any misuse of funds or other basis by which any money is due plaintiffs from the defendants by way of accounting, nor any other basis to demand an accounting, and the court properly denied this prayer.

The plaintiffs have made no attempt to attack the action of the trial court in refusing their amended complaint, nor is any assertion made that it would remedy

the defects, so that nothing is before this court in that respect.

The judgment of dismissal was correct and is affirmed.

Judgment affirmed.

BARDENS and CULBERTSON, JJ., concur.