## The Grand Rapids School Furniture Company v. The City of Grand Rapids.

*Municipal corporations—Public improvements—Assessment for benefits.*

1. As early as *Hoyt v. City of East Saginaw,* 19 Mich. 39, it was held that it was competent for the Legislature to authorize municipal corporations to assess the expense of local improvements upon property deemed to be particularly and specially benefited thereby, and to define the taxing district, and that the tax might be apportioned throughout such district, in proportion to benefits, by impartial commissioners, which holding has been adhered to from thence hitherto.

2. The contention that there should be a separate finding of the enhanced value of all the parcels of property within the

SCHOOL FURNITURE CO. v. GRAND RAPIDS.

district, so that the percentage of each owner can be easily calculated as in the case of any other tax or assessment, is held untenable, as such a rule might involve a conflict between the assessing officers and the council, which has already determined that the district is benefited to the extent of the amount apportioned to it.

3. The power of taxation implies apportionment, and, when that power has been exercised, courts will not assume to declare it void unless the invasion of private rights is flagrant and its demonstration clear.

4. An assessment of less than three dollars per foot on a frontage of 888 feet on a newly opened street in a flourishing city is not exorbitant.

5. Epithets heaped upon public officers do not affect the presumption that they have done their duty.

6. Where a statute provides that the assessment in a street-opening case shall be made in the same manner as is provided in the charter of the municipality for assessing the expenses of street grading, and the charter makes ample provision for notice of assessment, the statute and the charter must be taken together, and an objection that the statute fails to provide for such notice is untenable.

7. A certificate of a city treasurer attached to an assessment roll that "personal notice has been served on all persons named in the within roll as required" by the charter, citing the particular section and title prescribing the manner of giving such notice, is evidence of the proper service of such notice as required by the charter.

8. A description of land in an assessment roll as "lot 3, Smith & Van Allen's addition to the city of Grand Rapids, except the railway lands and lands owned by Wolverton & Blair," which excepted lands are specifically described in the roll, is sufficient.

Appeal from superior court of Grand Rapids. (Burlingame, J.) Argued June 15, 1892. Decided July 28, 1892.

Bill to set aside a sale of complainant's property for an assessment for opening a street. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Taggart, Wolcott & Ganson*, for complainant.

*William Wisner Taylor*, for defendant.

McGrath, J. This is a bill filed to set aside a sale of complainant's property for an assessment for the opening of a street. An award of damages was made by the jury, and the amount, to wit, the sum of $3,201.14, has been paid to and received by complainant.

A sketch of the property through which the street was opened is shown on next page.

Complainant is the owner of lot 3 (except the railroad right of way and the parcels B and I), having a frontage of 888 feet upon the opened street. The street has for some time been opened to Muskegon street, and by the recent proceedings the street was extended easterly to Broadway.

The statute[1] provides that, after the verdict of the jury shall have been finally confirmed, and the time for appeal has expired, or, if an appeal be taken, then after final judgment of confirmation on such appeal,—

"If the common council * * * believe that a portion of the city * * * in the vicinity of the proposed improvement will be benefited by such improvement, they may, by an entry in their minutes, determine that the whole or any just proportion of the compensation awarded by the jury shall be assessed upon the owners or occupants of real estate deemed to be thus benefited; and thereupon they shall, by resolution, fix and determine the district or portion of the city * * * benefited, and specify the amount to be assessed upon the owners or occupants of the taxable real estate therein. *The amount of the benefit thus ascertained* shall be assessed upon the owners or occupants of such taxable real estate, in proportion, as nearly as may, to the advantage which such lot, parcel, or subdivision is deemed to acquire by the improvement. The assessment shall be made, and the amount levied and collected, in the same manner, and by the same officers and proceeding, as near as may be, as is provided in the charter of the municipality for assessing, levying, and collecting the expense of a public improvement when a street is graded."

---

[1] 3 How. Stat. § 3064o.

The common council determined that a portion of the city in the vicinity of said improvement was benefited thereby to the extent of the entire compensation awarded, and established a district embracing such portion, which extended from Broadway westerly to a point about 120 feet west of the street at which Ninth street terminated, the width of which district was 660 feet at Broadway, and about 306 feet at its westerly terminus.

The bill alleges that the compensation awarded by the jury was $8,322.67, of which amount $7,000 was assessed on the property lying between Muskegon and Broadway streets; that this action was arbitrary and inequitable; that complainant's property was used as a manufacturing site, was found to be damaged by the jury, and was not in a condition to be cut into lots and sold; and that the assessment was not upon any legal basis of apportionment, or according to any rule.

As early as *Hoyt v. City of East Saginaw*, 19 Mich. 39, it was held that it was competent for the Legislature to authorize municipal corporations to assess the expense of local improvements upon property deemed to be particularly and specially benefited thereby, and to define the taxing district, and that the tax might be apportioned throughout such defined district, in proportion to benefits, by impartial commissioners. Mr. Justice CAMPBELL concurred with the other members of that Court in that case, so far as the creation of districts was concerned, and the apportionment of the expense thereupon, but insisted that the expense should be apportioned by some uniform rule. In the later cases, Mr. Justice CAMPBELL adhered to the views as there expressed, but that case has continued to be the law from that time hitherto.

It is difficult to see how any uniform rule can be adopted for the extension of a tax for improvements upon any basis of valuation, the benefits from which do

not approach uniformity.   As well might rules be attempted to govern questions of damages as of benefits.

In the one case, the jury exercise their judgment upon testimony and a view of the premises, and in the other the assessors act upon knowledge and a wider range of observation.   One street may be opened through property which is already streeted in the way most advantageous. Another may be opened so as to divide property in the most advantageous manner.   One may practically destroy property not taken for use, except in connection with other property.   Within the district are lots fronting upon side streets; others fronting upon side streets, but bordering on the lines of the street which has been extended; others fronting upon that street.   The new street may be opened through property which is already provided with frontage, or, as in the present case, it may be opened upon the lines between out-lots which were in all probability laid out with reference to that very street.   There can be no uniform rule which would be equitable, based upon matured valuation.   The benefits can only be assessed in proportion to increased advantages by reason of the opening.   The advantage may be the same to two lots side by side, although one lot may be improved, and of much greater value than the other.   The cost of local improvements is not assessed according to the value of the property.   The assessors are not to determine the increased valuation of the district by reason of this improvement, nor the value of this improvement to the district, for that has been fixed by the council.   They are simply to apportion a fixed amount, not with reference to values alone, but also with reference to needs, necessities, and advantages.

It is urged that there should be a separate finding of the enhanced value of all the parcels of property within the district, so that the percentage of each owner can

easily be calculated as in the case of any other tax or assessment. This might involve a conflict between the assessing officers and the council. The council has already determined that the district is benefited to the extent of the amount apportioned to it.

In *City of Detroit v. Daly*, 68 Mich. 503, it was held that the method of assessment of local benefits under this act, after condemnation by the jury, made by the ordinary assessing officers, was the better one, as it prevented the anomaly of different official valuations of the same property. In *City of Detroit v. Beecher*, 75 Mich. 454, it was held that the matter of local benefits was immaterial, so far as the necessity for the improvement was concerned. It must also be true that the matter of the assessment of damages for the taking cannot be considered in making the assessment for benefits. The question of damages has been settled, and complainant has received the amount awarded without question. The theory of a determination of increased values and the assessment of benefits is predicated upon an increase of value in excess of the amount apportioned. The valuation must necessarily be made by the same officers who make the assessment.

Is there any practical difference between a finding that the several owners of property within a given district have been benefited in a given amount, and a finding that the same property has been increased in value to that amount? The only difference is that in the one case the finding is the basis of the assessment, and in the other it is itself the assessment. In the one case the finding concludes the assessment, and in the other a percentage is to be calculated based upon the finding. Each finding is a valuation of benefits. But are they not both equally open to the same objections? Is not the valuation in each case equally arbitrary? The

adjustment of percentages is purely a question of mathematics, and courts are rarely troubled with mistakes in figures. It is the valuation that the tax-payer objects to. Does it make any difference whether the amount assessed is denominated "increased value" or "benefits?" Is not this Court as well informed as to this assessment as though the amount assessed were a percentage of a larger amount? The question does not involve the taking of private property for public uses, but is simply the exercise of the inherent right of taxation. The power of taxation implies apportionment, and, when that power has been exercised, courts will not assume to declare it void unless the invasion of private rights is flagrant and its demonstration clear. Complainant has a frontage of 888 feet on the newly opened street, and is assessed at the rate of less than three dollars per foot. It does not appear to us that this is an exorbitant assessment. There is no force in a comparison between the amount assessed to complainant and the amount assessed to the owners of parcels B and I. Epithets heaped upon public officers do not affect the presumption that they have done their duty.

The bill alleges that the award to complainant included $1,331.66 as damages to the remainder of complainant's property. Neither the evidence nor the map of the property indicates that the value of the realty was injuriously affected, and we must assume that the injury, if at all, was to use or buildings. There is no force in the position that this award of damages is a bar to an assessment for benefits. It does not follow that what remains is not of greater value because of street frontage.

It is contended that the statute does not provide for notice of the assessment. It does provide that the assessment shall be made in the same manner as is provided in the charter of the municipality for assessing the

expenses of street grading, and the charter makes ample provision for notice. The statute and the charter must be taken together.

It is next urged that the notice given by the treasurer that the roll was in his hands was insufficient, and that the return made by him is not evidence of proper service.

The charter provides that after the roll shall come into his hands he shall give 20 days' notice of its receipt, by publication. This was done. It further provides that, after the lapse of 20 days, he shall cause notice to be served upon each person who has not paid that, after the lapse of 30 days, a collection fee will be added; and that he shall attach to the roll a certificate that the notice required has been given. The treasurer attached a certificate "that personal notice has been served on all persons named in the within roll as required" by section 10, tit. 6, of the charter. This certificate conformed to the charter requirement.

There is no force in the contention that the description of complainant's lands in the roll is defective. The land is described as lot 3, Smith & Van Allen's addition to the city of Grand Rapids, except the railway lands and lands owned by Wolverton & Blair. The railway lands and the other lands excepted were specifically described elsewhere in the roll. The general tax law provides that "lands may be designated by any description by which they may be known."

It is next urged "that the statute does not provide for any finding of benefits showing the same in the district created to be equal to the compensation to be assessed thereon." We do not regard the statute as open to this objection. Taken together, section 15 (3 How. Stat. § 3064o) clearly contemplates that the council shall ascertain and determine that the district so fixed is benefited to the extent of the amount apportioned to

it. It expressly refers to the amount so apportioned as the "*benefit thus ascertained.*" It is not necessary that there should be an allegation that the whole property benefited is embraced in the district. The amount of the award is the limit of the assessment, but it is not the sum of the benefits of the improvement. The resolution fixing the district in the present case recites that the council has determined that the portion of the city embraced in the district is benefited by the improvement to the extent of the entire award.

The decree of the court below is affirmed, with costs to defendant.

The other Justices concurred.