[No. 5266.   Decided March 30, 1905.]

THOMAS F. QUIRK, *Administrator of the Estate of J. T. Smith, Deceased, Appellant,* v. CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS—STREETS—LOCAL IMPROVEMENTS—AS-SESSMENT FOR BENEFITS AGAINST LAND NOT TAKEN—EMINENT DO-MAIN—STATUTES—CONSTRUCTION.   In a proceeding by a city of the first class to condemn land for street purposes, under Laws 1893, p. 189, where the jury assesses damages as compensation for the land taken, and further finds that the remainder of the land was not damaged by reason of the taking, the part not taken may be assessed for benefits accruing by reason of the improvement; since the provision of § 15, that lots which shall be found to be damaged cannot be assessed, relates to entire tracts no part of which is taken, or to remaining tracts actually damaged by the taking.

[1]Reported in 80 Pac. 207.

SAME—ASSESSMENT OF DAMAGES—VERDICT—CONSTRUCTION— SUBMISSION OF QUESTION OF BENEFITS—PRESUMPTION—ASSESS- MENT BY COMMISSION. Where, in a proceeding by a city of the first class to condemn land for street purposes, the jury returns a verdict in a specified sum as compensation for the land taken, and for damages to the remainder of the land "by reason of the taking . . . at the sum of no dollars," and no finding was made as to the question of damages and benefits to the remainder by reason of the improvement, it cannot be presumed, in the absence of the instructions or a specific showing in the record, that such question was submitted to the jury, especially in view of the action of the court in appointing a commission to assess such benefits.

Appeal from a judgment of the superior court for King county, Griffin, J., entered January 27, 1904, upon the verdict of a jury and findings of the court in favor of the city, in a street condemnation proceeding, assessing bene- fits against abutting property. Affirmed.

*Hastings & Stedman,* for appellant.

*Mitchell Gilliam* and *Hugh A. Tait,* for respondent.

HADLEY, J.—The city of Seattle, by ordinance, directed that Summit avenue north, a street in said city, should be extended. By the terms of the ordinance, the corpora- tion counsel was directed to commence a proceeding for the purpose of ascertaining the just compensation to be paid the several owners of lands for the value of parts of the lands taken, and also for the damages, if any, accruing to the remaining portions not taken. The ordi- nance also provided for an assessment to be levied upon property specially benefited by reason of the improve- ment. Appellant's decedent was the owner of three sep- arate tracts facing upon said street, as extended, and under the ordinance the east thirty-three feet of each of these tracts was authorized to be condemned for the purpose of extending the street. The remaining portions of said

tracts lie within the assessment district established by the ordinance.

A proceeding was begun in the superior court of King county to ascertain the compensation and damages aforesaid, in pursuance of the statute of 1893, session laws of that year, page 189; also Pierce's Code, § 5050, *et seq.* Said statute authorizes cities of the first class to exercise the right of eminent domain. A trial was had before a jury, and verdicts were returned with respect to the three tracts mentioned, wherein the jury fixed the value of the part of each lot taken, and expressly found that the remaining portions not taken were not damaged by reason of the taking of the parts condemned. Thereafter, in pursuance of said statute, a supplementary petition was filed in the superior court, and commissioners were appointed to make the assessment upon the property specially benefited by the improvement. These commissioners returned and filed an assessment roll, in which the three tracts of appellant's decedent were included as receiving special benefit in amounts therein named. Appellant filed objections to the confirmation of the assessment roll, and, after a hearing and some modifications, the court approved the roll, and established an assessment against each of said tracts. This appeal is from such judgment.

The sole question presented is whether a city of the first class, after establishing the amount of damages in a condemnation proceeding for a portion of a tract taken for street purposes, can then assess, against the remaining portion of the tract, not taken, benefits arising from the improvement, when the jury in the condemnation proceeding has found that the part of the lot not taken has not been damaged by the taking of the part condemned. The chief controversy centers around the application that shall be made to the facts in this case of § 15 of said statute of

1893, the same being § 5064 of Pierce's Code. That section is as follows:

"When the ordinance providing for any such improvement provides that compensation therefor shall be paid, in whole or in part, by special assessment upon property benefited, the compensation found by the jury for any land or property taken shall be irrespective of any benefit from the improvement proposed. When such ordinance does not provide for any assessment, in whole or in part, upon property benefited, the compensation found for land or property taken, and in all cases the damages found in respect to land or property not taken, shall be ascertained over and above any local and special benefit arising from such proposed improvement, except as provided in section 2 of this act as to streets, avenues and boulevards established or widened to a width greater than 150 feet, in which class of cases no benefits shall be deducted as to such excess."

Appellant argues that the jury in the condemnation proceeding necessarily deducted benefits from damages in arriving at the result, and that, having done so, an assessment now constitutes a double charge against the property. This contention is based upon the following portion of the above quoted section: "and in all cases the damages found in respect to land or property not taken, shall be ascertained over and above any local and special benefit arising from such proposed improvement." It can scarcely be argued that the mere *taking* of a part was an actual benefit to the remainder. When, therefore, the jury found no damage to the remainder by reason of the taking of part, it could not have deducted benefits as resulting from the mere taking. If any benefits were considered, they must have been such as would result to the remaining part by reason of the proposed *improvement* which was to be constructed upon the part taken. It seems to us that the language of the verdict excludes the idea that the jury determined

the matter of benefits and damages to the remaining part arising from the improvement. Taking one of the verdicts as an illustration, the material part to be noted here reads as follows: ". . . that the just compensation to be paid the owners, occupants, and other persons interested therein, for the taking of said described real property, is the sum of four hundred eighty and no-100 dollars, and we assess the damages to the remainder of said lot by reason of the taking of said described real property at the sum of no dollars." It will thus be seen that the verdict returned is confined to finding the value of the land taken, and that the taking was no damage to the remainder. No finding was made upon the question of damages and benefits to the remainder arising from the improvement. The record here does not disclose that that question was submitted to the jury. The instructions of the court are not here. Appellant argues that we should presume that the question was submitted for the reason, as urged, that the statute contemplates its submission in the condemnation proceeding. We think we should not indulge such a presumption, in view of the specific limitations in the jury's findings, and in view of the further fact that, following the verdict, the commissioners appointed by the court to make the assessment, and also the court itself, found that the remaining parts of the lots should be assessed for benefits from the improvement. In the absence of a specific showing in the record that the question had been actually determined before, we think we should not presume that the court, in defiance thereof, proceeded to find and assess benefits.

We believe that § 22 of the statute of 1893, being § 5071 of Pierce's Code, does not prevent the assessment of the remaining parts of these lots. The proviso in that section contains the following: "Nor shall any lot, block, tract,

or parcel of land which shall have been found by the jury or court to be damaged be assessed for any benefits." We think the above relates to an entire tract no part of which has been taken by condemnation, or to a remaining tract which is actually damaged by the taking of a part. If a part is taken, damages shall be paid for the taking. But if, as in the case at bar, no damage results to the remainder from the taking, that remainder may be assessed for special benefits accruing to it from the improvement.

"Where part of a tract is taken for a street and no damages are awarded for the part not taken, the part not taken may be assessed for benefits by the opening." 2 Lewis, Eminent Domain (2d ed.), § 476a.

See, also, *Waggeman v. North Peoria,* 155 Ill. 545, 40 N. E. 485; *Covington v. Worthington,* 88 Ky. 206, 10 S. W. 790, 11 S. W. 1038; *Grand Rapids School Furn. Co. v. Grand Rapids,* 92 Mich. 564, 52 N. W. 1028. In the last named case the court discussed the principle of special benefits, showing that it is based upon the theory that the property has been increased in value by the improvement, and said:

"There is no force in the position that this award of damages is a bar to an assessment for benefits. It does not follow that what remains is not of greater value because of street frontage."

While the damage awarded in that case seems to have been for buildings, yet the principle discussed is applicable here.

For the foregoing reasons the judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.