[No. 6027. Decided April 14, 1906.]

## In the Matter of PIKE STREET, Seattle.[1]

MUNICIPAL CORPORATIONS—LOCAL ASSESSMENTS—BENEFITS TO LAND NOT TAKEN—DUE PROCESS. After the assessment of damages by a jury for the condemnation of property for the purposes of widening a street, in which proceeding the jury finds that the remainder of the lands was not damaged by the improvement, such remainder is liable to an assessment if found to be specially benefited by the improvement, and such an assessment is not a taking of private property without due process of law.

SAME—ANSWER—STRIKING—HARMLESS ERROR. In a proceeding to condemn land for the purpose of a street, the striking of an answer alleging that the defendant's property would be damaged in a certain sum, is not prejudicial error, where the defendant was permitted at the trial to introduce his evidence of such damage.

SAME—ASSESSMENT OF DAMAGES TO PROPERTY NOT TAKEN—ISSUES DETERMINED. In a proceeding to condemn land for the purpose of a street, it is not error to exclude evidence as to the damages to defendant's remaining property, at the time of the consideration of the assessment roll, since that question should have been tried by the jury at the time of assessing the damages for the property taken.

SAME—CHARGING MUNICIPALITY WITH PORTION OF EXPENSE. Upon exceptions to the assessment of abutting property, for benefits from a local improvement, it is competent for the court to deduct a certain per cent of the assessment and charge the same against the general fund of the city, as a general benefit to the city from the improvement.

Appeal from a judgment of the superior court for King county, Morris, J., entered July 29, 1905, upon the assessment of benefits to property not taken, after an assessment by a jury of damages for property taken, in proceedings to appropriate lands for the widening of a street. Affirmed.

*H. E. Foster,* for appellant.

*Scott Calhoun* and *Elmer E. Todd,* for respondent.

FULLERTON, J.—In September 1903, the city of Seattle by ordinance directed that all that portion of Pike Street

[1] Reported in 85 Pac. 45.

lying between Fourth Avenue, on the west, and Melrose and Minor Avenues, on the east, be widened and altered by including therein a strip ten feet in width on each side, to be taken from the abutting property. The ordinance directed the corporation counsel to commence a proceeding to ascertain the just compensation to be paid the owners whose property would be taken by the proposed improvement, and also for the damages, if any, caused the property not taken. The ordinance also provided that the expense of the improvement should be paid by an assessment upon the property specially benefited.

The appellant, H. M. Peters, owned certain lots abutting upon Pike street, and by the terms of the ordinance ten feet off of the end of each of them was authorized to be taken for the use of the street. The corporation counsel began the proceedings, as directed, causing summons to be served upon the appellant as provided by law. The appellant appeared and filed an answer, in which he put in issue the allegations of the petition, and claimed that his property would be damaged by the proposed improvement to the amount of $60,000. On motion of the city, this answer was stricken by the court, on the ground that an answer was neither necessary nor proper in such a proceeding. Thereafter a trial was had before a jury on the allegations of the petition, the court deeming them denied by operation of law. In this trial the appellant appeared and participated, and was awarded damages by the verdict of the jury in the sum of $10,000 for the part taken; the jury finding, however, that the remainder of his property would not be damaged by the improvement.

Thereupon, pursuant to the statute, the city filed a supplemental petition praying for the appointment of commissioners to make an assessment of the property benefited for the purpose of paying the awards made to those whose property was to be taken and damaged. Commissioners were appointed, who made out and returned into court an assessment roll in which the remaining property of the appellant was assessed

as receiving benefits in the sum of $7,176. The appellant filed exceptions to the assessment, and after a hearing, the court modified the roll by deducting therefrom ten per centum of the amount assessed, directing that the amount so deducted be made a general charge against the city. The roll as modified was thereafter approved and confirmed, and the several amounts assessed against the several lots, the appellant's as well as the others, declared a first lien thereon. This appeal is from the order confirming the assessment.

The principal contention of the appellant is based upon the fact that the city, after taking a portion of his lots for the purpose of widening the street and awarding him compensation therefor, assessed the remainder for benefits accruing to them by reason of the improvement. This he says is taking his property without just compensation, and consequently without due process of law. But this precise question on a similar state of facts was before this court in *Quirk v. Seattle,* 38 Wash. 25, 80 Pac. 207, and we there held that the proceeding violated no provision of the constitution or laws of this state. This case is conclusive of the question, in so far as the state constitution and laws are concerned, and obviates the necessity of further discussing it. It is suggested, however, that the assessment violates the Federal constitution, but we think that the supreme court of the United States decided to the contrary in *Bauman v. Ross,* 167 U. S. 548, 17 Sup. Ct. 966, 42 L. Ed. 270. The discussion in that case is able and exhaustive, and we do not feel that any thing could be added to the reasoning by which the conclusion is reached.

As to the remaining assignments of error, it is complained that the court erred in striking out the answer filed to the original petition, and in refusing to hear evidence at the time the assessment roll was before the court for consideration to the effect that the buildings upon the appellant's lots were damaged by the widening of the street. But these exceptions are without merit on this appeal. The ruling of the

court with reference to the pleading, if error at all, was without prejudice, as the appellant was given opportunity to introduce evidence at the hearing concerning all of the matters alleged in his answer, and he could have had no further privilege had his answer been permitted to remain in the case. The refusal to admit the testimony offered was not error because that question was one of the questions necessary to be tried by the jury in assessing the damages to be awarded the appellant, and either was or should have been tried out at that hearing.

Finally it is contended that the assessment is illegal and voidable, because the court ordered ten per centum to be deducted from the amount originally assessed against the property, and made a charge against the general fund of the city. But we think there was no error in this. The statute gives the court power to modify, change, alter or annul the the assessment, and we think it may lawfully find that an improvement is of sufficient general benefit to make a proportion of the cost a general charge against the municipality. If, however, it be intended by the objection to assert that the assessment was confined to an arbitrary district which did not include all of the property specially benefited by the improvement, then the answer is that there is no evidence in the record that such is the case. In so far as we can discover by the record all of the property specially benefited by the improvement is included in the assessment roll, and the court will not presume the contrary merely because the city council fixed a district for assessment purposes prior to making the improvement.

The judgment appealed from is affirmed.

MOUNT, C. J., HADLEY, DUNBAR, ROOT. and CROW, JJ., concur.