[No. 9166. Department One. December 29, 1910.]

The City of Spokane, *Appellant*, v. L. F. Gilbert *et al.*,
*Respondents.*[1]

Municipal Corporations — Improvements — Assessments — Benefits to Public — Review by Courts — Power — Hearing. Under Rem. & Bal. Code, § 7790, eminent domain commissioners, upon assessing property benefited by a municipal improvement, must determine what proportion, if any, of the total cost will be of benefit to the public, and assess such amount to the city, and the balance to the property; and under Id., §§ 7795, 7796, upon appeal, the superior court may modify the assessment and adjust the assessments between the city and the property owners, and hear evidence thereon.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered April 11, 1910, upon findings in favor of the defendants, modifying an assessment roll made by commissioners upon property benefited by a public improvement, after a hearing before the court. Affirmed.

*Fred B. Morrill* and *Bruce Blake*, for appellant.

*Cullen & Dudley* and *Joseph Rosslow*, for respondents.

Mount, J.—In this case the city of Spokane, in the year 1906, instituted condemnation proceedings for a strip of land for a street, the purpose being to make Division street a continuous street between certain points. Theretofore, for a distance of two blocks, this street had not been dedicated, so that the street consisted of two parts disconnected by land which was owned by private parties. The city desired to lay three large water mains along this street, and it there-

[1]Reported in 112 Pac. 380.

fore became necessary to condemn the land for use as a
street. The land was adjudged necessary as a public use,
and damages for the taking were found in the sum of
$8,075, in favor of the owners of the land. This amount
was paid by the city, and a judgment of appropriation
entered, to the effect that the city have and hold the land
taken "for use as a public street of the said city". Subse-
quently a petition was filed, and an order made thereon ap-
pointing commissioners to make an assessment upon property
specially benefited by the improvement, to pay the costs
thereof. These commissioners, known as the board of eminent
domain commissioners, made an assessment upon the property
benefited, and returned the assessment roll to the court. No
benefit was assessed to the city, but the whole cost was as-
sessed against property in the vicinity of the improvement.
Thereafter objections to the roll were filed by a large number
of property owners whose land had been assessed. These ob-
jections came on to be heard, and the court found that the
public was benefited to the extent of $3,000, which should be
paid by the city, and that the balance should be paid by the
property assessed by the eminent domain commission, and an
order was made modifying the assessment roll accordingly.

The city appeals from that order, and makes two conten-
tions as follows: "(1) That at the hearing upon the con-
firmation of the assessment roll, the court is bound by the
judgment of necessity (and the ordinance upon which the
action is based) in the original cause, as to the question of
necessity and public use; (2) that the court is limited in
its inquiry to the provisions of the statute relating to the
manner in which such hearings shall be conducted." Re-
spondent concedes the first position, which does not affect
the result because there was no attempt to dispute the adjudi-
cation of public use or necessity for the street. Appellant's
position upon the second contention is that, "if the property
of the objectors was assessed proportionately in accordance
to benefits from the improvement, and was not assessed more

than it was benefited thereby, then the assessment must stand
as returned by the commissioners," and that the court is
without jurisdiction to modify the assessment. The statute
seems clear upon this question. It provides, at § 7790, Rem.
& Bal. Code, as follows:

"It shall be the duty of such commissioners to examine
the locality where the improvement is proposed to be made
and the property which will be especially benefited thereby,
and to estimate what proportion, if any, of the total cost of
such improvement will be of benefit to the public, and what
proportion thereof will be a benefit to the property to be bene-
fited, and apportion the same between the city and such
property, so that each shall bear its relative equitable pro-
portion, and having found said amounts, to apportion and
assess the amount so found to be a benefit to the property
upon the several lots, blocks, tracts and parcels of land, or
other property in the proportion in which they will be sev-
erally benefited by such improvement."

This section makes it the duty of the board of eminent do-
main commissioners to estimate what proportion of the cost
of the improvement will be of benefit to the public and what
proportion thereof will be of benefit to the property, and ap-
portion the cost between the city and such property. Sec-
tion 7795, same volume, provides:

"The hearing shall be conducted as in other cases at law,
tried by the court without a jury, and if it shall appear that
the property of the objector is assessed more or less than it
will be benefited, or more or less than its proportionate share
of the costs of the improvement, the court shall so find, and
also find the amount in which said property ought to be as-
sessed, and the judgment shall be entered accordingly."

Section 7796 provides:

"The court before which any such proceedings may be
pending shall have authority at any time before final judg-
ment to modify, alter, change, annul or confirm any assess-
ment returned as aforesaid, or cause any such assessment to be
recast by the same commissioners, whenever it shall be neces-
sary for the obtainment of justice, or may appoint other com-
missioners in the place of all or any of the commissioners first

appointed for the purpose of making such assessment or modifying, altering, changing or recasting the same, and may take all such proceedings and make all such orders as may be necessary to make a true and just assessment of the cost of such improvement according to the principles of this act, and may from time to time, as may be necessary, continue the application for that purpose as to the whole or any part of the premises."

These statutes clearly give the court power to adjust the assessment between the city and the property owner, so that each one may pay the proportionate share of the cost of the improvement. The court is not bound by the assessment made by the commissioners. In *In re Pike Street*, 42 Wash. 551, 85 Pac. 45, we said:

"The statute gives the court power to modify, change, alter or annul the assessment, and we think it may lawfully find that an improvement is of sufficient general benefit to make an appropriation of the cost a general charge against the municipality."

In order to do this, the court must necessarily hear and consider evidence bearing upon such question.

We find no error in the record, and the judgment is therefore affirmed.

RUDKIN, C. J., PARKER, GOSE, and FULLERTON, JJ., concur.