[No. 9797.  Department One.  January 10, 1912.]

THE CITY OF SPOKANE, *Appellant*, v. FREDERICK M. CURTISS *et al.*, *Respondents.*[1]

MUNICIPAL CORPORATIONS — IMPROVEMENTS—ASSESSMENTS—BENE-FITS. A city cannot be generally assessed for a public improvement unless it is specially benefited, nor merely because it was negligent in improving a street for the benefit of a street railway company without exacting an agreement from the company to contribute to the expense.

SAME—POWER TO ASSESS CITY. Under an ordinance for the improvement of a street the cost and expense to be paid "wholly by special assessment upon the property to be benefited," the eminent domain commissioners have no power to assess the city generally for a portion of the expense, in view of Rem. & Bal. Code, § 7785, conferring upon the city council the power to determine whether the cost should be made wholly by special assessment upon property benefited, or partly from the general fund of the city, and § 7790, authorizing the city council to fix an assessment district which "shall be conclusive and binding" on the commissioners.

SAME—ASSESSMENTS — REVIEW — CONFIRMATION. Upon confirmation of an assessment roll for a public improvement in a special district, the court must keep within the issues raised by the objections,

[1]Reported in 120 Pac. 70.

and cannot direct a change in the district unless it is challenged by a property owner therein.

Same—Assessment—Street Railway Franchise. The franchise of a street railway is not assessable for benefits from a public improvement from the fact that the company was benefited thereby.

Same—Assessments—Benefits. Street improvements benefiting a street railway by enabling it to lay double tracks and reduce its curves are a benefit to the property in the district accessible thereto, although a part of the property in the district fronts upon another street car line; such fact going to the amount and not to the fact of the benefits.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered July 10, 1911, upon findings in favor of the defendants, modifying an assessment for public improvements upon confirmation by the superior court. Reversed.

*A. M. Craven* and *Bruce Blake,* for appellant.

*Fred B. Morrill* and *Curtiss & Remele,* for respondents.

Gose, J.—This is an appeal by the city of Spokane, from a judgment modifying a report of its board of eminent domain commissioners. The facts are these: The city of Spokane, by ordinance declared that public necessity required that Howard street, between Maxwell and Spofford avenues, "be opened and widened, widened and extended, altered and straightened," and directed the corporation counsel to proceed to condemn certain property described in the ordinance for that purpose. In pursuance of the ordinance, a suit was instituted, and terminated in an appropriation of the property described in the ordinance. The judgment, including costs and the costs of making up the assessment roll, was $5,676. The ordinance further provided that the cost and expense of the improvement should be paid "wholly by special assessment upon the property benefited."

The board of eminent domain commissioners, to whom the matter was referred, established an assessment district, and found that the total cost of the improvement should be borne

by the property benefited, and "that no part of the cost thereof should be borne by the city." Objections were filed to the report of the commissioners, which may be summarized as follows: (1) That the assessment against the objectors' property exceeds the benefits; (2) that there is other property benefited by the improvement which is not included in the assessment district; (3) that the assessment is unequal and unjust, in that the Washington Water Power Company is the party principally benefited; and (4) that the public in general is benefited and should have been assessed.

For some years prior to the commencement of this proceeding, the Washington Water Power Company operated a double track electric street car system along Howard street, between the business and residential districts, except that, in that part of the street from a block south of Maxwell avenue to a block north thereof, it had only a single track. This company also operated a general street car system in the city. Prior to the condemnation proceedings, lot 1, lying immediately north of Maxwell avenue and west of Howard street, extended five feet into the latter street. The appropriation took this strip of ground, and a portion of the south end of this lot, and a portion of the south end of lots 2 and 3 adjoining it on the west. Subsequent to the appropriation, the Washington Water Power Company installed double tracks along the two blocks mentioned. The appropriation enabled it to make this improvement upon an easy curve at Maxwell avenue.

The court found, that the improvement, aside from the five-foot projection into Howard street, was made principally for the benefit of the Washington Water Power Company; that the city was charged with knowledge of that fact; that property abutting upon Cleveland avenue was included in the district, and that there was a street car line upon that avenue; that the cost of appropriating the portion of lot 1 extending into Howard street was $1,000; that at least one-half of the balance of the cost of the improvement, viz.,

$2,338, was of direct benefit to the Washington Water Power Company, and that all the property in the assessment district lying north of the alley between Buckeye avenue and Cleveland avenue, being contiguous to another street car line, is not benefited by the improvement. The judgment directed the board to recast the roll so as to exclude all property lying north of the alley between Buckeye avenue and Cleveland avenue, and to assess $2,338 to the city.

The appeal presents two questions only: (1) Did the court err in directing the board to assess the city? and (2) did it err in directing it to exclude the property mentioned? Upon the first proposition the court was clearly in error. The board found, as we have seen, that no part of the cost of, the improvement should be borne by the city. Two of the commissioners testified upon the hearing that the city was not benefited, and there is no testimony to the contrary. The court took the view that, because the city knew that the improvement would benefit the Washington Water Power Company, and that its franchise could not be assessed, the city should bear a part of the burden, because it failed to require that. company to agree in advance of the appropriation to pay a part of the cost of the improvement. In other words, it in effect held that the city should be penalized for its negligence. This is not the law. The city, like a private owner, can only be assessed for an improvement where it is especially benefited. Rem. & Bal. Code, § 7790. *In re Fifth Avenue etc., ante* p. 327, 119 Pac. 852. In that case, the court said:

"It will be obvious to any one who reads the special assessment statutes that it was the intent of the legislature to permit the assessment of only such property as was specially benefited (§ 7790), and that general benefits could not be made the basis of a levy."

Moreover, neither the commissioners nor the court had the power to direct that any part of the cost of the improvement should be borne by the city. The city itself had determined that question. As we have seen, the ordinance provided that

the cost and expense of the improvement should be paid "wholly by special assessment upon the property benefited." A reference to Rem. & Bal. Code, § 7785, discloses that the language just quoted means private property. The language there is:

"When the ordinance under which said improvement is ordered to be made shall not provide that such improvement shall be made wholly by special assessment upon *property benefited,* the whole amount of such damage and costs, or such part thereof as shall not be assessed upon *property benefited* shall be paid from the general fund of such city or town, . . ."

While the view we have suggested is negatively stated in the language quoted, we think its meaning is reasonably clear. In speaking of the conclusiveness of such a determination by a municipality, in *Powell v. Walla Walla,* 64 Wash. 582, 117 Pac. 389, we said:

"Whether or not the cost of the improvement shall be borne wholly by the property benefited, wholly by the public at large, or in part by the property benefited and in part by the public at large, are questions solely within the jurisdiction of the municipal officers to determine, and the courts have no power to control their discretion in that regard."

The same rule is announced in *Northern Pac. R. Co. v. Seattle,* 46 Wash. 674, 91 Pac. 244, 123 Am. St. 955, 12 L. R. A. (N. S.) 121; and is suggested in *In re Fifth Avenue etc., supra.* The correctness of this view is made certain by the language used in the first proviso to Laws 1909, p. 724, Rem. & Bal. Code, § 7790. It is as follows:

"Provided, that the legislative body of the city may in the ordinance initiating any such improvement establish an assessment district and said district when so established shall be deemed to include all the lands or other property especially benefited by the proposed improvement, and the limits of said district when so fixed shall be binding and conclusive on the said commissioners."

The clear inference from the language used in the two sections, 7785 and 7790, is that the commissioners may estab-

lish the district and assess the property especially benefited, including the city, to the extent only that the city itself has not exercised the powers conferred upon it. We are not here concerned with the power of the court to direct that a portion of the cost of the improvement be made a charge against the city, when that question has been left open to the commissioners and they have or have not put a part of the burden on the city. This question was before the court in the following cases: *In re Pike Street,* 42 Wash. 551, 85 Pac. 45; *Spokane v. Gilbert,* 61 Wash. 361, 112 Pac. 380; *In re Westlake Avenue,* 40 Wash. 144, 82 Pac. 279.

We deem it proper, however, to say that the court cannot, upon the filing of the report of the commissioners, direct that the district be made either greater or less, or take any action therein other than to confirm the report unless and until its correctness has been challenged by a party in interest owning property within the district, and then it must, as in other cases, keep within the issues raised by the objections. Rem. & Bal. Code, §§ 7795, 7796.

The franchise of the Washington Water Power Company is not assessable. *In re Third Avenue,* 54 Wash. 460, 103 Pac. 807. The duty of the commissioners, therefore, was to establish an assessment district, and assess property especially benefited and legally assessable. The fact that the improvement is a benefit to the Washington Water Power Company, in that it enabled it to make its double track continuous along Howard street, and in that it reduced the curve of the track at the intersection of Howard street and Maxwell avenue, does not show that the property accessible to the Howard street car line is not benefited. Indeed, it may be said that, whatever contributes to the efficiency of the company's service or makes the operation of its cars safer is an especial benefit to the property in the district. Speaking to a like question in *In re Harvard Avenue North,* 47 Wash. 535, 92 Pac. 410, we said:

"The improvement, it is true, may afford the railway company more convenient facilities for the extension and construction of its line; but such fact does not establish that benefit does not accrue to the property in the district. The mere fact that a street is so improved that a street railway seeks to extend its lines thereon may well be considered as an element of special benefit to the neighboring property."

The discussion of the first question practically disposes of the second. The commissioners testified that the property within the assessment district was benefited by the improvement, in that the double track within the two blocks, by making the service more efficient, benefited the property. The fact that the property excluded by the court fronts upon a street having a car line goes to the amount and not to the fact of the benefit. The Howard street car line is accessible from this property. There is nothing in the record to indicate that the board acted arbitrarily. *In re Everett*, 61 Wash. 493, 112 Pac. 658.

The judgment is reversed, with directions to confirm the report of the board of eminent domain commissioners.

DUNBAR, C. J., FULLERTON, PARKER, and MOUNT, JJ., concur.