[No. 11109.  Department One.  September 16, 1913.]

THE CITY OF SPOKANE, *Respondent*, v. OREGON-WASHINGTON RAILROAD & NAVIGATION COMPANY *et al.*, *Appellants*, J. D. SHERWOOD *et al.*, *Defendants.*[1]

MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—ASSESSMENTS—GENERAL AND SPECIAL BENEFITS—REVIEW—EVIDENCE—ADMISSIBILITY. In reviewing a special assessment, an offer to prove that the assessment was unreasonable and unjust in that between fifty and seventy-five per cent of the cost should be paid by the general public, the benefits being derived therefrom being general benefits, is properly rejected as immaterial, inasmuch as the city cannot be assessed unless specially benefited, and general benefits cannot be made the basis of an assessment, and the offer of proof did not go to show arbitrary or fraudulent action, or that the commission proceeded upon a fundamentally wrong basis, or that the city was specially benefited.

Appeal from a judgment of the superior court for Spokane county, Neill, J., entered November 15, 1912, confirming an assessment for a local improvement.  Affirmed.

*Hamblen & Gilbert* and *Allen & Allen*, for appellants.

*H. M. Stephens, Ernest E. Sargeant*, and *Dale D. Drain*, for respondent.

MOUNT, J.—This appeal·is from an order of the superior court of Spokane county confirming an assessment roll prepared by the eminent domain commissioners of Spokane. The assessment was levied to repay to the city the amount of damages allowed to the owners of property on Washington street, between Sinto and Dean avenues, caused by lowering the

[1]Reported in 134 Pac. 1069.

grade of Washington street. This assessment was levied pursuant to an ordinance of the city providing therefor. Upon the return of the assessment roll assessing the various pieces of property specially benefited thereby, the commission found that the total cost of the improvement must be borne by the property specially benefited thereby; that no cost thereof "shall be borne by the city of Spokane as the city of Spokane at large in our judgment has not received any benefit from the same." Thereupon, the appellants in this case filed objections to the roll, and these objections came on for hearing before the court.

The appellants made the following offer of testimony:

"We now offer testimony showing that this assessment is unreasonable and unjust as affecting the property of the defendants here, in that its property is assessed for a part of these improvements whereas between fifty and seventy-five per cent of the cost of this improvement should be paid by the general public, that is, the benefits derived therefrom being general benefits and the remaining twenty-five per cent may equitably be assessed to the abutting property, and that, in this respect there has been an abuse of discretion, in apportioning the amount of damages, by the commission in making this assessment."

The trial court excluded the offer, and no further evidence was offered. The assessment roll was thereupon confirmed. This appeal followed.

The appellants base their contention largely, if not entirely, upon the case of *Spokane v. Gilbert*, 61 Wash. 361, 112 Pac. 380, and argue that it was the duty of the court to adjust the assessment between the city and the property owners according to the rule therein laid down. It will be noticed that, in the offer of testimony made by the appellants at the hearing on the objections, it does not appear that the objectors were contending that the city was specially benefited by the improvement, or that the assessment levied upon the objectors' property was in excess of the benefits or was unreasonable or unjust and not in harmony with other as-

sessments made within the district. The contention made here seems to be that, because the city was generally benefited, it should pay a part of the assessment; and that it was an abuse of discretion for the commissioners not to assess a part of the cost of the improvement against the city.

Since the decision in the case of *Spokane v. Gilbert, supra,* in referring to that case, we said in *In re Fifth Avenue etc.,* 66 Wash. 327, 119 Pac. 852:

"But we do not understand that it was there held that property that was not in fact specially benefited should be assessed, but rather that the amount to be assessed against property within the district and proper to be assessed was an appropriate subject of judicial inquiry; and following a long line of cases, the judgment of the court would not be disturbed or modified unless the evidence so preponderated against the judgment as to indicate an arbitrary disposition on the part of the commissioners or the court." Citing a number of cases.

Further along in the opinion, at page 330, we said:

"It will be obvious to any one who reads the special assessment statutes that it was the intent of the legislature to permit the assessment of only such property as was specially benefited (§ 7790), and that general benefits could not be made the basis of a levy. So that §§ 7795 and 7796, quoted in *Spokane v. Gilbert, supra,* must be read with this thought in mind. When so read, it will be seen that it is the duty of the court to inquire whether the property is assessed more or less than it is specially benefited, and unless there is a special benefit the court has no jurisdiction to order its inclusion in the roll."

And in *Spokane v. Miles,* 72 Wash. 571, 131 Pac. 206, in considering the question presented here, we said:

"Assessment districts must have a point of beginning and a point of termination. The fixing of these extremes often presents many perplexing questions upon which there would be a never ending variety of opinion. It is, therefore, of the first importance that some definite rule be laid down for the guidance of trial courts. The best rule that has been announced, and the only practicable working rule, is that the

courts should not change the district established by the commissioners, except where the commissioners have acted arbitrarily or fraudulently or have proceeded upon a fundamentally wrong basis  [Citing a number of authorities from this court].  .  .  .

"In respect to the second contention [that is, that a part of the cost of the improvement should have been assessed against the city], the evidence does not show that any especial benefit accrued to the city at large in consequence of the improvement. 'The city, like a private owner, can only be assessed for an improvement where it is especially benefited.' *Spokane v. Curtiss*, 66 Wash. 555, 120 Pac. 70.  To the same effect: *In re Fifth Avenue etc.*, 66 Wash. 327, 119 Pac. 852."

See, also, *Jones v. Spokane, ante* p. 266, 134 Pac. 925.

The same rule must apply to the assessment as applies to the boundaries of the district.  Inasmuch as the offer of proof in this case did not go to show that there was any arbitrary or fraudulent action of the commission, or that the commission proceeded upon a fundamentally wrong basis, or that the city was specially benefited by the improvement, the offer was immaterial.  The cases above cited control the question presented here, and the judgment must therefore be affirmed.

CHADWICK, GOSE, and PARKER, JJ., concur.